IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case Nos. 13-cr-0495-PWG** |
| | | **18-cr-0152-PWG** |
| **DANIEL WILKERSON** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Daniel Wilkerson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF Nos. 44, 52.[1] Currently, Mr. Wilkerson is serving his sentence on home confinement after the Bureau of Prisons ("BOP") transferred him out of FMC Lexington. Def.'s Mot. Mem, ECF No. 44; Def.'s Status Report, ECF No. 52. Mr. Wilkerson filed his Motion for Compassionate Release while detained at FMC Lexington; his counsel filed a status report with the Court on September 11, 2020, noting Mr. Wilkerson's desire to seek a ruling on his motion for Compassionate Release despite his then-pending transfer to home confinement.[2] Def.'s Status Report. I have reviewed all the materials and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Mr. Wilkerson's motion is DENIED.

**BACKGROUND**

On December 2, 2013, Mr. Wilkerson entered a guilty plea to Conspiracy, in violation of 18 U.S.C. § 371, and Interstate Receipt of Stolen Property, in violation of 18 U.S.C. § 2315. Plea

---

[1] The motion is fully briefed. *See* ECF Nos. 44, 52, 54, 55. This opinion references the ECF Nos. in 18-cr-0152-PWG unless otherwise noted in the citation. The same filings pertaining to the Compassionate Release motion appear in 13-cr-0495-PWG at ECF Nos. 233, 241, 245, and 246.

[2] The Government states BOP completed Mr. Wilkerson's transfer on or about September 22, 2020. Gov't Resp. 1, ECF No. 54.

Agreement in 13-cr-495-PWG, ECF No. 86.  On March 26, 2018, Mr. Wilkerson entered a guilty plea to possession with intent to distribute 100 kilograms of more of a mixture of substance containing marijuana, in violation of 21 U.S.C. § 841(a)(1).  Plea Agreement, ECF No. 6.  On June 6, 2019, he was sentenced to 66 months imprisonment in 13-cr-495-PWG and 57 months imprisonment in 18-cr-0152-PWG, with the sentences to run concurrently.  As the Government notes, he committed the offense in the 2018 case while on release.  Gov't Resp. 4, ECF No. 54.  Defense counsel states his projected release date is April 14, 2022.  Def.'s Reply 2, ECF No. 55.  Mr. Wilkerson presents a series of medical conditions, including obesity, hypertension, type II diabetes, asthma, depression, and PTSD.  Def. Mot. Mem. 1.  The Government opposes his motion, arguing that he has failed to exhaust his administrative remedies, as required under § 3582(c)(1)(A), that he has failed to prove extraordinary and compelling circumstances, and that he poses a danger to the community.  Gov't Resp. 2–4.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020).  However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).  Here, Mr. Wilkerson requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[3]  The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i).  Under the

---

[3] The compassionate release provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permits a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.

statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

### I.     Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A).  I will assume without deciding that this condition is satisfied.  While the Government argues Mr. Wilkerson has failed to exhaust his administrative remedies, Gov't Resp. 2–3, Mr. Wilkerson argues he made three requests for compassionate release to the warden at FMC Lexington but could not attach copies of them to his motion because he was unable to make them. Def.'s Reply 1.  The warden did not respond to Mr. Wilkerson's requests.  *Id.*

### II.    Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A).  I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7–9 (D. Md. May 22, 2020) (holding the same and

collecting cases). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance.

The applicable Sentencing Commission policy statements are found in U.S.S.G. § 1B1.13, which recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

I find that under the rather unique circumstances of this case (a defendant who, as the Government noted, incongruously seeks compassionate release from his *own home*, rather than a BOP facility) Mr. Wilkerson fails to present extraordinary and compelling reasons sufficient to justify a sentence reduction. While Mr. Wilkerson is still within BOP's custody, home confinement does not present the same risk of contracting the COVID-19 virus—and the adverse outcome that would likely entail due to his medical conditions—as does detention in a BOP

facility. Indeed, the original premise of Mr. Wilkerson's motion (filed while he was incarcerated), was that he was entitled to compassionate release from the BOP facility, not a reduction of his sentence to time served, as he now endeavors to do. Even though Mr. Wilkerson might have added difficulty attending his medical appointments while on home confinement, he concedes that he is able to do so with the probation department's permission. Def.'s Reply 2. His inability to choose his provider and the attendant transportation difficulties are certainly inconveniences, but they are neither extraordinary nor compelling.

I also find Mr. Wilkerson's argument that when the national emergency presented by the COVID-19 pandemic ends, he could be ordered to return to a BOP facility to complete his sentence unconvincing. At present, the pandemic is showing no signs of abatement; in fact, it is spreading alarmingly, and the much sought after vaccine remains beyond reach. It is uncertain whether the BOP would in fact return him to a facility and, if the pandemic is over or substantially contained, there will no longer be extraordinary and compelling circumstances to justify a reduction of a lawfully imposed sentence. Not to put too sharp a point on it, but, having achieved his initial objective of home confinement, Mr. Wilkinson is now seeking a windfall—a time served sentence. The Court is unwilling to engage in hypotheticals about BOP's future decisions as they pertain to Mr. Wilkerson.

### III.  Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the

5

sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a). Mr. Wilkerson pleaded guilty to the 2018 possession with intent to distribute ("PWID") offense while pending sentencing in an earlier federal criminal case. And as the Government states, Mr. Wilkerson's PWID offense involved over $1 million worth of marijuana. Gov't Resp. 4. His history and characteristics suggest a significant disregard for the law and undermine the Court's ability to trust that he will be a law-abiding citizen if released early. Mr. Wilkerson should be serving the remainder of his sentence in a BOP facility but instead, BOP has chosen to place him in home confinement. The Court is unwilling to disturb BOP's prudent decision to eliminate the risk that Mr. Wilkerson might contract COVID-19 in a BOP facility while maintaining strict supervision over him.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 12th day of November 2020, hereby ORDERED that Mr. Wilkerson's Motion for Compassionate Release, ECF No. 233 (13-cr-0495-PWG) and ECF No. 44 (18-cr-0152-PWG), is DENIED.

/S/
Paul W. Grimm
United States District Judge